UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUAN C. G.,[1]

Petitioner,

v.

TONYA ANDREWS, Administrator of Golden State Annex Detention Facility, POLLY KAISER, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office, TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement, KRISTI NOEM, Secretary of the United States Department of Homeland Security, and PAMELA BONDI, Attorney General of the United States,

Respondents.

No.  1:25-cv-01015-KES-SKO (HC)

**FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS**

[Doc. 1]

[21-DAY OBJECTION DEADLINE]

Petitioner Juan C. G. is a noncitizen who has been present in the United States for approximately thirty years. In 2011, an immigration judge ordered him released on bond pending removal proceedings, which were administratively closed in 2014. On January 25, 2025, ICE agents arrested petitioner outside his home on a warrant issued pursuant to 8 U.S.C. § 1226(a). On July 22, 2025, an immigration judge held that petitioner was not entitled to a bond hearing

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

under 8 U.S.C. § 1226(a), finding that he was being held under 8 U.S.C. § 1225(b)(2)(A), which mandates detention.

On August 13, 2025, petitioner filed a petition for writ of habeas corpus, (Doc. 1), and a motion for temporary restraining order, (Doc. 3). Petitioner contends his re-detention without a pre-deprivation bond hearing violates the Due Process Clause. Alternatively, he claims that he is statutorily entitled to a bond hearing under 8 U.S.C. § 1226(a) and the immigration judge erred in concluding otherwise.

On September 9, 2025, the Court converted the motion for temporary restraining order into a motion for preliminary injunction and granted the motion. (Doc. 15.) The matter was referred to the undersigned for further proceedings.

On December 9, 2025, the Court issued an order directing Respondent to show cause why the petition should not be granted. (Doc. 17.) On January 6, 2026, Respondent filed a response to the order by submitting on the arguments previously raised in opposition to the motion for temporary restraining order. (Doc. 18.) Thus, the Court will recommend the petition be granted for the same reasons.

I.    Re-Detention Without Pre-Deprivation Bond Hearing

Petitioner first alleges he was denied his due process rights when he was re-detained without a pre-deprivation bond hearing. In the order granting the preliminary injunction, the Court agreed with Petitioner. For the same reasons stated in the order, (Doc. 15 at 9-14), and in other cases, see Ramazan M. v. Andrews, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025); R.I. v. Wofford, No. 1:25-CV-01637-KES-SKO (HC), 2025 WL 3768205 (E.D. Cal. Dec. 31, 2025); N.T. v. Wofford, No. 1:25-CV-02083-KES-SKO (HC) (E.D. Cal. Jan. 8, 2026), the petition should be granted.

II.    Entitlement to a Statutory Bond Hearing

Petitioner also alleges, in the alternative, that he is statutorily eligible for a bond hearing under 8 U.S.C. § 1226(a), and the Immigration Judge erred in concluding that he was mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2)(A). The Court again agreed with Petitioner. (Doc. 15 at 5-9.) For the same reasons stated in the order, (Doc. 15 at 9-14), and in other cases, see Crispin

2

M. C. V. Noem, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); J.A.C.P. v. Wofford, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), the petition should be granted.

**RECOMMENDATION**

For the foregoing reasons, the Court hereby RECOMMENDS that the petition for writ of habeas corpus be GRANTED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **January 20, 2026**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE