UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN C. G.,[1] <br><br> Petitioner, <br><br> v. <br><br> TONYA ANDREWS, Administrator of Golden State Annex Detention Facility, POLLY KAISER, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office, TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement, KRISTI NOEM, Secretary of the United States Department of Homeland Security, and PAMELA BONDI, Attorney General of the United States, <br><br> Respondents. | No. 1:25-cv-01015-SKO (HC) <br><br> **ORDER VACATING FINDINGS AND RECOMMENDATION** <br><br> **(Doc. 19)** <br><br> **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, ENJOINING RESPONDENTS FROM RE-DETAINING PETITIONER, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE** |

Petitioner is a former immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On January 21, 2026, the Court issued Findings and Recommendations to grant the petition. (Doc. 19.) The parties consented to the jurisdiction of the magistrate judge, and the case was reassigned to the undersigned for all purposes, including entry of final judgment. (Docs. 7, 20, 21.) For this reason, the Court will vacate the Findings and

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

Recommendations and grant the petition.

**DISCUSSION**

Petitioner Juan C. G. is a noncitizen who has been present in the United States for approximately thirty years. In 2011, an immigration judge ordered him released on bond pending removal proceedings, which were administratively closed in 2014. On January 25, 2025, ICE agents arrested petitioner outside his home on a warrant issued pursuant to 8 U.S.C. § 1226(a). On July 22, 2025, an immigration judge held that petitioner was not entitled to a bond hearing under 8 U.S.C. § 1226(a), finding that he was being held under 8 U.S.C. § 1225(b)(2)(A), which mandates detention.

On August 13, 2025, petitioner filed a petition for writ of habeas corpus, (Doc. 1), and a motion for temporary restraining order, (Doc. 3). Petitioner contends his re-detention without a pre-deprivation bond hearing violates the Due Process Clause. Alternatively, he argues that he is statutorily entitled to a bond hearing under 8 U.S.C. § 1226(a) and the immigration judge erred in concluding otherwise.

On September 9, 2025, the Court converted the motion for temporary restraining order into a motion for preliminary injunction and granted the motion. (Doc. 15.) The matter was referred to the undersigned for further proceedings.

On December 9, 2025, the Court issued an order directing Respondent to show cause why the petition should not be granted. (Doc. 17.) On January 6, 2026, Respondent filed a response to the order by submitting on the arguments previously raised in opposition to the motion for temporary restraining order. (Doc. 18.) Therefore, the Court will grant the petition for the same reasons.

I.  Re-Detention Without Pre-Deprivation Bond Hearing

Petitioner first alleges he was denied his due process rights when he was re-detained without a pre-deprivation bond hearing. In the order granting the preliminary injunction, the Court agreed. For the same reasons stated in the order, (Doc. 15 at 9-14), and in other cases, see Ramazan M. v. Andrews, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025); R.I. v. Wofford, No. 1:25-CV-01637-KES-SKO (HC), 2025 WL 3768205 (E.D. Cal. Dec. 31,

2025); N.T. v. Wofford, No. 1:25-CV-02083-KES-SKO (HC) (E.D. Cal. Jan. 8, 2026), the petition is granted.

II. Entitlement to a Statutory Bond Hearing

Petitioner also alleges, in the alternative, that he is statutorily eligible for a bond hearing under 8 U.S.C. § 1226(a), and the Immigration Judge erred in concluding that he was mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2)(A). The Court again agreed with Petitioner. (Doc. 15 at 5-9.) For the same reasons stated in the order, (Doc. 15 at 9-14), and in other cases, see Crispin M. C. V. Noem, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); J.A.C.P. v. Wofford, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), the petition is granted.

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED:

1) The Findings and Recommendations issued on January 21, 2026, are VACATED;
2) The petition for writ of habeas corpus is GRANTED;
3) Respondents are PERMANENTLY ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified; and
4) The Clerk of Court is directed to enter judgment for Petitioner and close the case.

IT IS SO ORDERED.

Dated:   **February 17, 2026**              /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE